IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 03-00355 HG 02 |
|  | ) |  |
| Plaintiff, | ) | **ORDER DECLINING TO RESENTENCE** |
|  | ) | **DEFENDANT** |
| vs. | ) |  |
|  | ) |  |
| SHAYNE M. CRISOLO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| _____ | ) |  |

**ORDER DECLINING TO RESENTENCE DEFENDANT**

Shayne M. Crisolo ("Defendant") pled guilty on November 13, 2003, to Count One of the indictment, aiding and abetting the attempted possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On May 17, 2004, Defendant was sentenced to 188 months of imprisonment and 10 years of supervised release. The Court granted the Government's motion for downward departure and denied Defendant's motion for downward departure. On May 28, 2004, Defendant filed a notice of appeal. On August 15, 2005, the Ninth Circuit Court of Appeals issued an order remanding the case to the district court for the limited purpose of reviewing Defendant's sentence to determine if the Court would have sentenced Defendant differently pursuant to an advisory guideline system.

**PROCEDURAL HISTORY**

On May 20, 2004, the Court entered Judgment in Defendant's case.

On May 28, 2004, Defendant filed a Notice of Appeal.

On June 24, 2004, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). Blakely held that a sentence pursuant to the Washington State Sentencing Guidelines violated the Sixth Amendment of the United States Constitution when the defendant's sentence was enhanced based on facts which were not proven to a jury beyond a reasonable doubt or admitted by the defendant.

On January 12, 2005, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), examining the United States Sentencing Guidelines in light of Blakely.

On August 15, 2005, the Ninth Circuit Court of Appeals issued an order remanding this case to the district court for the limited purpose of reviewing Defendant's sentence to determine if the Court would have sentenced Defendant differently pursuant to an advisory Guidelines system. The appellate court did not vacate Defendant's sentence.

The Order of Remand was filed in this Court on September 12, 2005. The parties were given until October 14, 2005, to submit written arguments as to whether Defendant's sentence should be changed in light of Booker and United States v. Ameline, 409 F.3d

1073 (9th Cir. 2005)("Ameline III").

On October 14, 2005, Defendant filed a sentencing memorandum.

## ANALYSIS

On June 1, 2005, the Ninth Circuit Court of Appeals issued an en banc decision in Ameline III. Ameline III established the procedure in the Ninth Circuit for processing appeals of cases in light of Booker. In cases which did not have Booker issues raised in the district court, and where the record is not sufficiently clear to conduct a clear error analysis, the appellate court issued a limited remand.

> [A] limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence would have been materially different had the district court known that the sentencing guidelines were advisory. If the district court responds affirmatively, the error was prejudicial...[t]he original sentence will be vacated by the district court, and the district court will resentence the defendant. If the district court responds in the negative, the original sentence will stand...

Ameline III, 409 F.3d at 1074-75.

A district court need not hold a new sentencing hearing on remand, but must at least obtain the views of counsel in writing. Id. at 1085 (citing United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005).) If the district court does not resentence, it "should place on the record a decision not to resentence, with an appropriate explanation." Id.

The Court has reviewed the record and the arguments of

counsel regarding Defendant's sentence. Had the guidelines been advisory at the time of sentencing, the Court would have made the same factual findings, and Defendant's sentence would not have been materially different.  The sentence of 188 months imprisonment is appropriate given the facts and circumstances of Defendant's case.

At sentencing, the Court considered the fact that Defendant offered the Government assistance and granted the Government's motion for a downward departure.  Defendant's sentence was reduced from life down to one hundred and eighty-eight months. Defendant's Motion for a Downward Departure was denied.

Defendant argues on remand that he deserves a lighter sentence because his previous drug offences were for small amounts of narcotics.  Defendant also argues that there is a disparity in sentences, as his co-defendant, Eric Collier, received only forty-eight months.  These arguments were also considered by the Court at sentencing.  The Court finds that Defendant's sentence was appropriate considering Defendant's prior criminal history.  In coming to this conclusion, the Court considered that between 1985 and 1995, Defendant was convicted of "21 cases of contempt of court, reconstructed vehicle, driving without a license four times, no fault- - no insurance, three cases; driving with suspended license three times, Promoting Detrimental Drugs in the Third Degree, reckless driving,

speeding, and Criminal Trespass in the Second Degree in Honolulu...." (Sentencing Record at 17.)  These offenses were not included in the criminal history category.

The Court also considered the factors that were included in the criminal history category. Defendant was convicted on two separate felony drug charges.  He was also convicted on a charge of Terroristic Threatening in the First Degree, Assault in the Third Degree, Criminal Trespass in the First Degree, Carrying a Deadly Weapon, and Unauthorized Control of a Motor Vehicle.

The Court considered that Defendant fled from the police prior to the arrest for the Unauthorized Control of a Motor Vehicle, and that Defendant attempted to flee from officers on the date of the arrest for the charge for which the sentence is being reviewed.  The Court also took into consideration that Defendant's attempt to flee was done in a manner which risked considerable injury to the arresting officers at that time.

The Court also considered Defendant's claims of disparity between his sentence and the sentence of Defendant Collier. Defendant, in his written arguments, puts forth that Collier was originally indicted for the same offense in a one-count indictment with Crisolo.  (Defendant's Written Argument at 6.) It is important, however, that Defendant Collier and Defendant did not plead guilty to the same charges.  Defendant Collier pled guilty to aiding and abetting in the use of a communications

5

facility to facilitate the distribution of methamphetamine, a Schedule II controlled substance. At Defendant's sentencing, the Court stated that Collier was sentenced to the maximum sentence that the Court could impose. The Court stated that even if the Court considered disparity in a situation where there are two different charges, the Court did not believe it would be appropriate on the facts of this case. (See Sentencing Record at 18.)

Defendant also argues that enhancing his sentence based on criminal history puts him "in jeopardy twice for the same offense in violation of the double jeopardy clause of the U.S. Constitution, specifically the 5th and 14th Amendments." (Defendant's Written Arguments at 5.) This argument fails. The Supreme Court, in <u>Witte v. United States</u>, 515 U.S. 389, 399 (1995) explained that enhancement statutes, "whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction." <u>Id.</u> at 400 (citation omitted). The <u>Witte</u> Court continued, stating that in "repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a

6

stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. (citations and quotation marks omitted).

Enhancing Defendant's sentence because of prior convictions is not an additional penalty for those convictions. Instead, the enhancement is a stiffened penalty due to recidivism. Enhancement of Defendant's sentence here, due to Defendant's criminal history, does not violate the constitutional prohibition against double jeopardy.

### CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that a resentencing of Defendant is DECLINED, and the final order and judgment of May 20, 2004 remains unchanged.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2006.



   /s/ Helen Gillmor
Chief United States District Judge

United States of America v. Shayne M. Crisolo, Crim. No. 03-00355 HG-02; **ORDER DECLINING TO RESENTENCE DEFENDANT.**