

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 03 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10349 |
| Plaintiff - Appellee, | D.C. No. CR-03-00355-HG |
| v. | |
| SHAYNE M. CRISOLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted June 18, 2008[**]

Before:    REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

Shayne M. Crisolo appeals from the district court's decision, following a limited remand under *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), that it would not have imposed a different sentence had it known

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Crisolo contends that the district court would have imposed a different sentence on remand if it had understood that the Sentencing Guidelines were advisory. In declining to re-sentence Crisolo, the district court discussed the implications of *United States v. Booker*, 543 U.S. 220 (2005), and *Ameline*, discussed the § 3553(a) factors it considered when it originally sentenced Crisolo, and clearly stated that the selected sentence was appropriate and would not have been different had the Guidelines been advisory at the time of sentencing. We thus conclude that the district court properly understood its discretion. *United States v. Combs*, 470 F.3d 1294, 1296-97 (9th Cir. 2006).

Crisolo's contention that consideration of his criminal history as a § 3553(a) factor violates double jeopardy is unreviewable. *See id.* However, we address two contentions that Crisolo raised in his initial appeal that were not decided prior to the *Ameline* remand. *See United States v. Thornton*, 511 F.3d 1221, 1227 (9th Cir. 2008). First, Crisolo contends that the court erred in denying him a downward adjustment for minor role. We conclude that the district court did not clearly err in denying Crisolo the minor role adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006).

Second, we conclude that Crisolo's the district court's refusal to issue a lower sentence based on a sentence disparity is not unreasonable. *See United States v. Mohamed*, 459 F.3d 979 (9th Cir. 2006).

**AFFIRMED.**